UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| EDWARD CHANDLER, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>TOM HANLON, )<br>)<br>Respondent. ) | 1:05-cv-1620-SEB-VSS |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Edward Chandler for a writ of habeas corpus is denied and this action is dismissed with prejudice. This disposition is based on the following facts and circumstances:

1. Chandler is confined at an Indiana prison. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) with respect to his 2003 convictions for robbery, two counts of criminal confinement, unlawful possession of a firearm by a serious violent felon, and being a habitual offender. These convictions arise out of Chandler's robbery and confinement on November 21, 2002, of Video Update Movie Gallery employees Lisa Heavey and James Carson. Chandler's convictions were affirmed on direct appeal in *Chandler v. State,* No. 49A02-0311-CR-00964 (Ind.Ct.App. July 7, 2004)(unpublished)(*Chandler I*). A further decision was issued on rehearing in Chandler v. State, No. 49A02-0311-CR-00964 (Ind.Ct.App. August 27, 2004)(unpublished)(*Chandler II*).

2. Chandler now seeks a writ of habeas corpus. A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). Review of Chandler's habeas action is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary

to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561.

3. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 118 S. Ct. 1352, 1355 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)). So, a petitioner must give the state court a meaningful opportunity to consider the substance of the claims later presented in federal court. *Id.* Stated otherwise, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's "*actual* and substantial disadvantage,"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); *see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003).

4. Chandler's first claim in this action is that the trial court erred in admitting Carson's out-of-court testimony. This was done through a stipulation between the prosecutor and Chandler's attorney. The Indiana Court of Appeals found that this claim was not preserved for review because the error was invited. *Chandler I*, at p.4. The Indiana Court of Appeals proceeded to determine whether the admission of Carson's statement in this fashion amounted to fundamental error, and concluded that it did not. *Id.* at p.5. Indiana's doctrine of fundamental error is an adjudication which constitutes "an independent and adequate state ground for the judgment, so that questions of federal law no longer affect[ed] the outcome." *Jenkins v. Gramley,* 8 F.3d 505, 507 (7th Cir. 1993); *see Willis v. Aiken,* 8 F.3d 556, 561 (7th Cir. 1993) (Indiana's review under the fundamental error doctrine is an independent and adequate state law ground for its decision). Accordingly, when the Indiana state courts have reached the merits of a claim under Indiana's doctrine of fundamental error, this is a signal for federal habeas corpus purposes that the issue has been waived, triggering the cause and prejudice or fundamental miscarriage of justice requirements for the federal habeas court to also reach the merits of the claim. *Id.* Chandler has not shown cause for and prejudice from this procedural default, nor has he shown that the failure to consider his claim would result in a fundamental

miscarriage of justice. Accordingly, this court is precluded from reaching the merits of this first claim.

5.   Chandler contends that he was improperly sentenced. However, this claim was fully considered. The Indiana Court of Appeals concluded that all but one factor associated with the imposition of an enhanced sentence was derived from Chandler's prior convictions, noted that prior convictions "are exempt from the *Apprendi* rule as clarified in *Blakely*," and noted that a challenge to Indiana's sentencing structure under *Apprendi* and *Blakely* "would have no effect on [Chandler's] sentence."[1] *Chandler II,* at p.4.

6.   Chandler's reply to the respondent's return to show cause includes arguments which challenge the sufficiency of the evidence.

   a.   A challenge to the sufficiency of the evidence, on the other hand, is a cognizable claim, but even so federal habeas review of such a claim is quite limited. The only appropriate inquiry for this Court under *Jackson v. Virginia,* 443 U.S. 307, 319 (1979),

   > is whether, assuming the jury resolved all disputes in the state's favor and drew all inferences from that evidence, it would have been rational to convict. Not whether we would convict, but whether thoughtful people could convict.

   *Branion v. Gramly,* 855 F.2d 1256, 1266 (7th Cir. 1988). Such a claim was included in *Chandler I*, but was reasonably rejected based on what the Indiana Court of Appeals found to be the unequivocal testimony of Heavey that Chandler held a gun to Carson's head and threatened to kill him if he did not open the safe under the cash register. *Chandler I,* at p.5.

   b.   Although Chandler's view of the evidence is different, he has not shown by clear and convincing evidence, nor by any evidence at all, that the various recitations of evidence and the factual findings by the Indiana state courts are not correct. See *Harding v. Walls,* 300 F.3d 824, 828 (7th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and explaining that courts refer to (e)(1) for the petitioner's burden of proof when that petitioner tries to make a (d)(2) showing of unreasonable state court factual determinations). Those findings of fact are therefore accepted for the purpose of this proceeding, and no relief or re-determination of the facts is available to Chandler under § 2254(d)(2) with respect to any of the claims in this case.

---

[1] These observations refer to the Supreme Court's decisions in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

  c. Additionally, Chandler's view of the evidence is not the guide for this court's determination of the sufficiency of the evidence. On the contrary, a federal habeas corpus court must presume that the jury resolved all reasonable inferences in the State's favor. *Willard v. Pearson,* 823 F.2d 1141, 1150 (7th Cir. 1987). The Indiana Court of Appeals' assessment of the sufficiency of the evidence provided Chandler and the State of Indiana with fair process and constituted reasoned, good-faith decision-making when applying *Jackson's* "no rational trier of fact" test. The determination by the Indiana Court of Appeals in *Chandler I* that the evidence was sufficient did not run afoul of the AEDPA standard as expressed in 28 U.S.C. § 2254(d)(1), and hence Chandler is not entitled to relief based on this claim.

  7. This court has carefully reviewed the pleadings and the expanded record and has given such consideration to that claim as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos,* 106 F.3d at 1388. No such established rules entitle Chandler to relief in this case. Accordingly, his petition for a writ of habeas corpus must be **denied** and this cause of action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

  **IT IS SO ORDERED.**

Date: 03/03/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana